UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Timothy M. Ferrari<br>288 Clay Pitts Road<br>East Northport, NY 11731<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION<br>ONE MASSACHUSETTS AVENUE NW<br>WASHINGTON, DC 20002 | CIVIL ACTION NO.:<br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

1. The Plaintiff, Timothy Ferrari, is a citizen of the State of New York residing at 288 Clay Pitts Road, East Northport, New York.

2. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "AMTRAK"), is a corporation organized and existing under the laws of the District of Columbia, whose principal place of business and address for service of process is One Massachusetts Avenue NW, Washington, DC 20002.

3. This suit is brought pursuant to Acts of Congress known as the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

4. The defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the States of New Jersey, New York, and Pennsylvania.

5. The acts of omission and commission causing injuries to the Plaintiff were done by the defendant, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the defendant.

6. The Plaintiff was employed by defendant railroad and was acting in the scope of his

employment by the defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees.

8. On or about November 6-7, 2019, Plaintiff, while working in the defendant's tunnel of track one at Penn Station, New York, suffered injury when a 12,000-volt cable was punctured causing an explosion.

9. Plaintiff had been tasked with other employees to install concrete forms for electric traction blast doors.

10. Unknown to Plaintiff, there were 12,000-volt electrical cables behind the wall where he was drilling to install the concrete forms.

11. During a supervisors' meeting in October of 2019, the supervisor in charge of plaintiff on November 7, 2019, was informed of the electrical cable hazard behind the wall where the concrete forms were being installed.

12. The supervisor in charge failed to inform or communicate the hazard information to plaintiff leaving him in an unsafe environment.

13. The job safety briefing did not identify the electrical hazard.

14. When the electrical cable was drilled, it exploded causing injury to Plaintiff.

15. Amtrak terminated the supervisor in charge for safety violations related to this injury event.

16. Plaintiff suffered injuries to his brain, nerves, hearing structure, neck, back and other parts of his body. These injuries were caused in whole or in part by the negligence, carelessness and

recklessness of the defendant and their agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

a) in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

b) in failing to comply with safety rules and regulations of the defendant and the Roadway Worker's Protection Act;

c) in failing to inspect, detect, and mark the location of the 12,000-volt cable;

d) in failing to inform plaintiff of the 12,000-volt cable;

e) in failing to adequate instructions to safely completed the assigned task;

17. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which may cause substantial financial loss in the future.

18. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment, all of which may and probably will continue in the future.

20. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress, and a loss of enjoyment of life and may continue to suffer same for an indefinite period in the future.

WHEREFORE, the Plaintiff demands judgment and compensatory damages against the defendant.

**KELLER & GOGGIN, P.C.**

BY:  */s/ James M. Duckworth*
JAMES M. DUCKWORTH, ESQUIRE
*Counsel for Plaintiff*

Dated: May 18, 2022